937 F.2d 399
 Steven J. WINTER, Appellee,
v.
CERRO GORDO COUNTY CONSERVATION BOARD, Appellant.
Ben Van Gundy; and, Ronald Masters (Two Cases).
Steven J. WINTER, Appellant,
v.
CERRO GORDO COUNTY CONSERVATION BOARD, Appellee.
Ben Van Gundy; and, Ronald Masters (Two Cases).
 Nos. 89-2918, 89-2940, 90-1741 and 90-1844.
 United States Court of Appeals,
Eighth Circuit.
 June 25, 1991.
 
 1
 Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* Senior District Judge.
 
 ORDER
 
 2
 This matter comes before the court on application for attorney's fees, expenses, and costs arising out of the appeal in the above entitled case. Objections were filed to the application on February 15, 1991, by the Cerro Gordo County Conservation Board. Thereafter, the parties indicated they would undertake a settlement negotiation and Steven J. Winter asked that the matter be stayed pending settlement. Sixty days later the parties informed the court that they were unable to reach any settlement concerning the requested fees, expenses, and costs. Winter is also requesting reinstatement of some of the costs incurred in the district court and has asked that these costs be included on appeal. The Board urges that these costs were included in the district court's award of attorney's fees and expenses. The Board argues that Winter was not a prevailing party on all the issues on appeal and that we ordered each party to pay its own costs in two of the appeals. See Winter v. Cerro Gordo County Conservation Bd., 925 F.2d 1069, 1074 (8th Cir.1991). The Board asserts that Winter has made no attempt to differentiate between the costs, expenses, and attorney time incurred on the unsuccessful appeals and that incurred on the successful appeals.
 
 
 3
 The Eighth Circuit Court of Appeals has always awarded attorney's fees for services on appeal, processed by the same panel which heard the appeal. We have always felt that the panel has a better sense of the issues and the work accomplished in relationship to the briefs and record filed on appeal than the district court. We acknowledge our procedure is sui generis and that most of the other circuit courts require the district courts to assess the award for appellate fees. See generally E. Larson, Federal Court Awards of Attorney's Fees 249-256 (1981).
 
 
 4
 We deem this court to be in a better position to assess the complexity of a case on appeal and the hours expended by the attorneys. We recognize that if factual findings are necessary they can be processed on a limited remand basis, although we have seldom encountered that situation.
 
 
 5
 The present case is that rare situation in which factual findings are necessary. Because there is also a question of whether costs were included in the expenses assessed by the district court, we remand to the district court to determine not only the issue on costs but also to consider the arguments relating to the award for appellate fees, expenses, and costs. We are confident the district court is aware of the controlling cases relating to awards of attorney's fees and that citing these cases would be redundant. We, therefore, remand to the district court for consideration of fees, expenses, and costs to be awarded on the appellate level and, if necessary, for modification or correction of the award of expenses made in the district court. The district court may proceed in any manner and invoke whatever reasonable procedures are deemed necessary. We note that the trial of this case was held before the Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota. We deem it expedient and practical that Judge Bogue review this entire matter and he is hereby designated to sit in the District Court for the Northern District of Iowa to enter the appropriate judgment necessary. It is so ordered.
 
 
 
 *
 The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation